# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Ralph Foster Cozart,<br><br>                               Debtor. | C/A No. 10-05227-DD<br><br>Adv. Pro. No. 10-80155-DD<br><br>Chapter 7 |
| Tina Wilson,<br><br>                               Plaintiff,<br><br>v.<br><br>Ralph Foster Cozart,<br><br>                               Defendant. | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on a Motion for Summary Judgment ("Motion") filed April 5, 2011 by Ralph Foster Cozart ("Defendant"). A hearing was held on the Motion on May 17, 2011. Tina Wilson ("Plaintiff") was not present at the hearing. Following the hearing, the Court finds that Defendant's Motion should be granted.

This adversary proceeding was commenced on October 18, 2010 by the Court's receipt of correspondence from Plaintiff. Because this Court is required to hold pro se parties to a less stringent standard than parties represented by an attorney,[1] the Court construed Plaintiff's correspondence as an objection to the dischargeability of her debt and treated it as an adversary complaint ("Complaint"). The Complaint essentially stated that Defendant owed a debt to Plaintiff for money she paid to him for medical services and requested that her debt be excepted from discharge in Defendant's chapter 7 case. Defendant served certain Requests for Admission on Plaintiff on February 9, 2011, and Plaintiff did not respond. As such, all matters set forth in

---

[1] *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

those Requests are deemed admitted under Fed. R. Civ. P. 36, made applicable to this proceeding by Fed. R. Bankr. P. 7036. As a result of her failure to respond to Defendant's Requests for Admission, Plaintiff has admitted that she has no documents or evidence to support her claim and that the money she alleged was paid to Defendant was actually paid to Dunes Cosmetic Surgery Center, LLC ("Dunes"), Defendant's employer. She also admitted that Defendant was simply an employee of Dunes and that he had no control over any of its financial matters.

Fed. R. Civ. P. 56 is applicable in adversary proceedings by virtue of Fed. R. Bankr. P. 7056. Fed. R. Civ. P. 56 states, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court, when considering a motion for summary judgment, should examine "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.'" *In re Rigoroso*, No. 10-05259-dd, Adv. No. 10-80168-dd, 2011 WL 1561671, at *2 (Bankr. D.S.C. Apr. 25, 2011) (quoting *In re Proveaux*, No. 07-05384-jw, slip op., at 5 (Bankr. D.S.C. Mar. 31, 2008)). The court must examine "'the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.'" *Rigoroso,* 2011 WL 1561671, at *2 (quoting *United Rentals, Inc. v. Angell*, 592 F.3d 525, 530 (4th Cir. 2010)).

Based on the facts admitted by Plaintiff, it appears that there is no genuine dispute as to any material fact. Plaintiff admitted that she did not have any evidence to support her claim against Defendant, and also admitted that the money she paid for her medical services was paid to Dunes, not to Defendant. Plaintiff has admitted facts sufficient to eliminate any dispute raised by her Complaint. Additionally, based on the admitted facts, it appears that Plaintiff has no

claim against Defendant, and therefore Defendant is entitled to judgment as a matter of law. Defendant's Motion for Summary Judgment is granted.

    AND IT IS SO ORDERED.

**FILED BY THE COURT**
**05/18/2011**



Entered: 05/19/2011

    David R. Duncan
    US Bankruptcy Judge
    District of South Carolina